## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOSHUA EUGENE ROBINSON,
      **Petitioner,**

v.                              **Case No. 3:11cv367/MCR/MD**

MICHAEL D. CREWS,[1]
      **Respondent.**

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a motion to dismiss based on timeliness (doc. 24) to which petitioner has replied (doc. 27). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Mr. Robinson, was found guilty by an Escambia County, Florida, jury of being a felon in possession of a firearm. He was sentenced to a lengthy

---

[1] Michael D. Crews succeeded Kenneth S. Tucker as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

prison term on January 27, 2006. He filed a timely appeal; the appellate court affirmed on April 27, 2007.

On May 7, 2008, Mr. Robinson filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P. in the trial court. He raised two issues, both based on ineffective assistance of counsel by his trial attorney: (1) failure to call and present an exculpatory witness, and (2) failure to request jury instructions concerning lesser included offenses. The Rule 3.850 court held an evidentiary hearing on the first ground. Mr. Robinson was provided appointed counsel and testified. The Rule 3.850 court credited defense counsel's testimony that the supposed favorable witnesses were unavailable and if available, untrustworthy, and on September 15, 2009 denied the 3.850 motion on both grounds.

Mr. Robinson did not appeal the denial of his 3.850 motion by the October 16, 2009 deadline.

On March 17, 2010, six months after the entry of the order denying the 3.850 motion, Mr. Robinson discovered that, contrary to his specific instruction, his 3.850 counsel had not filed a notice of appeal. He therefore filed a petition for habeas corpus in the appellate court seeking a belated appeal. The appellate court referred the matter back to the trial court to act as special master on Mr. Robinson's claim that he had instructed his attorney to appeal the 3.850 denial. The trial court recommended that a belated appeal be granted, which was done.

On March 24, 2011, the appellate court affirmed the order denying post-conviction relief.

Mr. Robinson filed the instant federal habeas petition on July 31, 2011.

## DISCUSSION

Because Mr. Robinson filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state

prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Mr. Robinson has not asserted that a State-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which Mr. Robinson's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed Mr. Robinson's conviction on April 27, 2007. Mr. Robinson did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court. Accordingly, Mr. Robinson's conviction became "final" for purposes of § 2244 on July 26, 2007, when the ninety-day period in which

to seek certiorari from the United States Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The federal habeas statute of limitations began to run on that date. The limitations period expired on July 26, 2008, one year from the day after Mr. Robinson's judgment became final, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

Mr. Robinson filed his motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P. on May 7, 2008. As of that date 286 days of the allowed 365 days had passed. The Rule 3.850 court denied his motion on September 15, 2009. The deadline for filing a notice of appeal from that order was October 16, 2009. No notice of appeal was filed, so the limitations time began running again, and ran for an additional 79 days, until January 4, 2010. Nothing was filed, and the one year federal statute of limitations window closed as of that date.

Mr. Robinson filed his habeas petition in the appellate court on March 17, 2010, after the one year limitations window had closed. The instant petition was filed well after that date and is untimely. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v.*

---

[2] The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not from the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

*Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  And the grant of an out-of-time belated appeal does not revive the limitations period.  *Moore,* at 1381.

In his response to the instant motion to dismiss Mr. Robinson raises a slightly different question.  He points out that the underlying reason given for allowing him a belated appeal was his contention that his Rule 3.850 attorney was instructed to file a notice of appeal, but failed to do so.  He points to *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2011), in support of his position.

The *Martinez* court addressed the issue of whether ineffective assistance of counsel by appointed counsel during post-collateral proceedings would excuse a default.  The Court held that, in the limited circumstance where post-collateral counsel failed to raise ineffective assistance of counsel on the part of trial counsel, and where there had been no review of that claim by a state court, the default would allow a federal habeas court to review what was left unreviewed in the state court.  Thus, under the reasoning of *Martinez*, if Mr. Robinson had been unsuccessful in obtaining a belated appeal of the order denying his 3.850 claim of ineffective assistance of counsel, that claim would likely be reviewable in this court.

But that is not what happened here.  The appellate court gave Mr. Robinson a belated appeal. The appellate court therefore considered the Rule 3.850 court's finding that trial counsel was not ineffective, and affirmed.  Mr. Robinson was thus given the state court review to which he was entitled, and *Martinez* does not apply.

Moreover, Mr. Robinson has not established entitlement to equitable tolling or any other exception to the limitations period.  "[A federal habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition.  *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding

that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).

Mr. Robinson did nothing from the time of expiration of the appeal deadline until he filed his habeas petition in state court five months later. There was nothing extraordinary keeping Mr. Robinson from exercising diligence is making sure that his appeal had been filed. He has not carried the burden in showing either diligence or extraordinary circumstances. The claims he presents in his federal habeas petition are therefore untimely, and the respondent's motion to dismiss should be granted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 24) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Joshua Eugene Robinson* in the Circuit Court for Escambia County, Florida, Case No. 04-2690 be DISMISSED WITH PREJUDICE, and the Clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 31ST day of January, 2013.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv367/MCR/MD*